UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER PRAHASKY,
    Petitioner,

v.                                                     Case No. 8:18-cv-2748-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Peter Prahasky, a Florida prisoner, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition (*id.*), the supporting memorandum of law (Doc. 1-1), the response in opposition (Doc. 8), and Prahasky's reply (Doc. 9), the Court concludes that the petition is time-barred and dismisses it on that basis. Alternatively, the Court denies relief because the petition lacks merit. The Court further orders that a certificate of appealability is not warranted.

## I. BACKGROUND

The State of Florida charged Prahasky with sexual battery on a child less than 12 years of age; lewd or lascivious molestation of a child less than 12 years of age; sexual battery on a child 12 years of age or older but less than 18 years of age by a person in familial or

custodial authority; lewd or lascivious molestation of a child 12 years of age or older but less than 16 years; and two counts of showing obscene material to a minor. (Doc. 8-2, Ex. A.)

Prahasky pleaded not guilty. The State offered him a plea deal for 10 years in prison. Prahasky rejected the plea and proceeded to trial, where a state court jury found him guilty of all counts. (Doc. 8-2, Ex. C.) The state court vacated Prahasky's conviction for one of the counts of showing obscene material to a minor and sentenced him to an overall term of life in prison on the remaining counts. (Doc. 8-2, Exs. G, H & I.) The state appellate court per curiam affirmed the convictions and sentences. (Doc. 8-2, Ex. O.)

Prahasky moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. Z.) The state postconviction court summarily denied all but one claim. (Doc. 8-2, Ex. GG.) After conducting an evidentiary hearing on the last claim, the court entered a final order denying Prahasky's motion. (Doc. 8-2, Exs. HH & II.) The state appellate court per curiam affirmed the denial of relief. (Doc. 8-2, Ex. PP.)

## II. THE PETITION'S TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This period begins running on the later of "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Prahasky's convictions and sentences were affirmed on September 25, 2012, (Doc. 8-2, Ex. O), and he had 90 days to petition the United States Supreme Court for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Prahasky's one-year limitations period thus began running on December 25, 2012, after the expiration of this 90-day window.

After 356 days of untolled time elapsed, Prahasky filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on December 16, 2013. (Doc. 8-2, Ex. R.) The state postconviction court denied his motion, and the state appellate court's mandate affirming the denial issued on March 20, 2015. (Doc. 8-2, Exs. U & Y.) While the appeal was still pending, on October 20, 2014, Prahasky filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. Z.) The state court denied the motion on January 25, 2016. (Doc. 8-2, Ex. II.) Prahasky filed a motion for rehearing, which the state court denied on June 8, 2016. (Doc. 8-2, Exs. JJ & KK.)[1] Although Prahasky did not file a notice of appeal within the 30-day period to do so,

---

[1] It appears that Prahasky's motion for rehearing may have been untimely. The state court's order was entered on January 25, 2016, and the motion for rehearing was filed 18 days later, on February 12, 2016. (Doc. 8-2, Exs. II & JJ.) *See* Fla. R. Crim. P. 3.850(j) (providing a 15-day period to file a motion for

3

*see* Fla. R. Crim. P. 3.850(k), the limitations period continued to toll for this time. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that the time in which a petitioner may file an appeal from the denial of a motion for collateral relief tolls the limitations period). Thus, the limitations period remained tolled through July 8, 2016.

Prahasky's one-year AEDPA limitations period began to run again on July 9, 2016, with nine days remaining. Absent any other state court tolling applications, Prahasky's § 2254 petition was due on July 18, 2016.[2] Prahasky did not file his § 2254 petition by the deadline and did not take any further action in state court until May 24, 2017, when he filed a petition for a belated postconviction appeal.[3]

The state appellate court granted Prahasky a belated appeal on June 23, 2017. (Doc. 8-2, Ex. LL.) Because Prahasky's petition for a belated postconviction appeal was not a "tolling application", statutory tolling would not have started again until the date the belated appeal was granted. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141

---

rehearing of an order addressing a motion under Rule 3.850). The state court did not reject the motion for rehearing as untimely. (Doc. 8-2, Ex. KK.) Therefore, this Court assumes that the motion for rehearing was accepted as timely filed.

[2] The ninth day was Sunday, July 17, 2016. Therefore, Prahasky had until Monday, July 18, 2016, to file his § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] The petition for a belated postconviction appeal is not included in the record provided to the Court. The Court takes judicial notice of the online docket for Fifth District Court of Appeal case number 5D17-1579, which shows the petition was filed on May 24, 2017. *See* Fed. R. Evid. 201.

(11th Cir. 2015) (stating that because a petition for belated appeal raises no challenge to the validity of the conviction, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitations period for a petition for a writ of habeas corpus"). Because the date the belated postconviction appeal was granted—June 23, 2017—was after the AEDPA limitations period expired on July 18, 2016, the belated appeal has no effect on the § 2254 petition's timeliness. *See Bernadeu v. McNeil*, 432 F. App'x 823, 824 (11th Cir. 2011) (stating that a petition for belated postconviction appeal does not restart the limitations period after it has expired); *Hollinger v. Sec'y, Dep't of Corr.*, 334 F. App'x 302, 304-05 (11th Cir. 2009) (providing that a belated postconviction appeal does not statutorily toll the limitations period when the period has already expired). As a result, Prahasky's § 2254 petition, filed on November 7, 2018, is untimely under § 2244(d)(1)(A).

Prahasky contends that his petition is timely. (Doc. 1, p. 21.) The response concedes that "[i]t appears that the instant petition was timely filed." (Doc. 8, p. 6.) Prahasky and Respondent both appear to assume that Prahasky was entitled to statutory tolling from the date his Rule 3.850 motion was filed until issuance of the state appellate court's mandate in the belated postconviction appeal. Therefore, the question of the § 2254 petition's timeliness was not briefed. This Court may raise the issue of timeliness sua sponte. *See Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a

5

district court has discretion to raise sua sponte the timeliness of an application under § 2254); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-54 (11th Cir. 2020) (recognizing a district court's authority to consider timeliness sua sponte). As addressed above, the Court finds that Prahasky's § 2254 petition is untimely. In the event the Court's calculations are incorrect, the Court conducts a merits analysis in the alternative.

## III. STANDARD OF REVIEW UNDER SECTION 2254

Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362,

413 (2000). The phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Id.* at 412. A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

For purposes of § 2254(d)(2), a state court's findings of fact are presumed correct. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct . . . ."). A petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* The state may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

Prahasky brings one claim for ineffective assistance of trial counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), "the Supreme Court clarified that the Sixth Amendment right to effective counsel under *Strickland* . . . extends to the negotiation and consideration of plea offers that lapse

9

or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). To show prejudice, "a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence." *Id.*

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

## V. ANALYSIS

In his sole ground for relief, Prahasky argues that trial counsel was ineffective for misadvising him about the State's 10-year plea offer, thus depriving him "of the information he needed to make a 'knowing' and 'voluntary' decision as to accepting or

rejecting the offer" and causing him to reject the offer "based on a misunderstanding." (Doc. 1-1, p. 6.)[4]

Prahasky argues that trial counsel told him to "hold off" accepting the plea offer because the State "could come up with" a better offer closer to trial. (Doc. 1-1, p. 7.) He claims that counsel failed to advise Prahasky "in such a way that he understood if he did not accept the State's plea offer at the pretrial hearing, he could never get a better outcome, and/or when Petitioner informed his counsel that he was going to refuse the plea offer, question him to see what his thinking was and clarify it so that Petitioner understood he could not do better by refusing the plea." (Doc. 1-1, p. 16.)

At the state postconviction evidentiary hearing, Prahasky testified that trial counsel said he could possibly get the offer down to about five years and that sometimes the State offers a good deal at the time of trial. (Doc. 8-2, Ex. HH, pp. 15-16.) Prahasky explained that on the day of trial, he was expecting a plea offer, and he was "flabbergasted" that the case proceeded to trial. (*Id.*, p. 16.) Prahasky testified that if he had known that he could not have received a plea offer better than the one presented, he would have taken the offer "in a heartbeat [rather] than go to trial and risk the sentence that [he] got[.]" (*Id.*, p. 19.)

---

[4] Respondent concedes that Prahasky's claim is exhausted for purposes of § 2254 review. (Doc. 8, p. 12.) *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

On cross-examination, the State asked Prahasky about a hearing on November 21, 2011, the week before trial, during which Prahasky rejected the 10-year plea offer. Prahasky conceded that the trial court informed him at the hearing that there would be no further plea offer after the conclusion of the hearing and that if found guilty, he would receive a mandatory life sentence. (*Id.*, pp. 26-27.) Prahasky also appeared to concede that he told the trial court during the hearing that he did not want to take the offer. (*Id.*, p. 28.)[5] Prahasky testified that after he rejected the 10-year offer in court, he was still under the impression that he could get something less than 10 years at the time of trial, and that that was the strategy upon which he and counsel agreed. (*Id.*, p. 31.) Although Prahasky testified that he did not remember that the 10-year offer was taken "off the table" at the pretrial hearing, upon being shown the transcript, he acknowledged that "it must be so because I'm reading it." (*Id.*, pp. 31-32.)[6]

---

[5] The State asked:

> Q. At the pretrial on the 21st day of November, 2011, the Court asked you if you wanted to take that offer and you said no, correct?
>
> A. I don't remember, but I guess so if it's in there. I was just hoping for a lesser plea deal.

(Doc. 8-2, Ex. HH, p. 28.)

[6] A transcript of the November 21, 2011 pretrial hearing is not included in the state court record provided to this Court. However, Prahasky does not challenge the accuracy of the State's representation of the transcript during the postconviction evidentiary hearing.

12

Trial counsel testified that despite his best efforts to obtain a lower plea offer, the State would not offer less than 10 years. (*Id.*, p. 36.) Counsel testified that Prahasky had no interest in accepting the offer. (*Id.*, p. 37.) Instead, counsel stated, Prahasky said there was no point in taking the offer because he thought 10 years was essentially a death sentence due to his age[7] and health concerns. (*Id.*, p. 37.) Counsel testified that he told Prahasky he thought the 10-year offer would be less than what he would receive if convicted at trial, and that the State had a strong case:

> Q. Okay. Now, on the 21st at the pretrial, there was inquiry made by the Court regarding the ten-year offer by the State and the fact that the plea offer was being withdrawn if he left that day's proceedings without resolving the case. Do you recall that?
>
> A. Yes, I do.
>
> Q. Okay. Did you tell him - - did you give him any advice about whether he should take that or not?
>
> A. Well, in terms of my representations of my clients, of course I give them advice as to what my opinion is based on my experience and weighing the facts of the case.

---

[7] Prahasky states that he was 67 years old at the time of trial. (Doc. 1-1, p. 9.)

> And in this particular case, of course, I told him that I believed the ten-year offer would be - - would be less than what he would receive if convicted at trial.
>
> And the State had a strong likelihood of a conviction at trial, even on a lesser charge.

(*Id.*, p. 38.)

In addition, counsel testified that he and Prahasky talked about the maximum and minimum penalties he faced. (*Id.*, p. 39.) Counsel testified that Prahasky said on multiple occasions that he did not want to take the 10-year offer. (*Id.*)

Counsel agreed that, in his experience, the State sometimes makes a more favorable plea offer on the day of trial. (*Id.*, pp. 40-41.) But counsel clarified that he would never advise any client that a better plea offer will be made the day of trial "because . . . you can't rely on that" and that he "wouldn't give anyone false expectations that that may happen." (*Id.*, p. 41.) Counsel stated that when Prahasky rejected the 10-year plea offer at the pre-trial hearing, he "definitely wouldn't have said" words to the effect of "Don't worry. We can still probably get better than a ten-year plea offer." (*Id.*, pp. 42-43.)

The postconviction court denied Prahasky's claim. After summarizing the evidentiary hearing testimony, the court found counsel's testimony to be credible. (Doc. 8-2, Ex. II, pp. 1-4.) The court found that Prahasky "was well apprised of the fact that he

14

was rejecting the ten (10) year plea offer and that he was proceeding to trial." (*Id.*, p. 4.) The court found that Prahasky failed to establish "any deficiency on behalf of trial counsel[.]" (*Id.*)

Prahasky fails to show entitlement to relief. The postconviction court's finding that counsel was credible is a factual finding that is presumed correct absent clear and convincing evidence demonstrating otherwise. *See Rolling*, 438 F.3d at 1301; *see also Jenkins v. Comm'r, Ala. Dep't of Corr.*, 963 F.3d 1248, 1272 (11th Cir. 2020) ("The credibility of a witness is a question of fact entitled to a presumption of correctness under AEDPA."); *Consalvo v. Sec'y, Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) ("We consider questions about the credibility and demeanor of a witness to be questions of fact.") (citation omitted).

Prahasky argues that the trial court's factual finding about counsel's credibility is incorrect and that counsel's version of events is "not credible at all." (Doc. 1-1, p. 14.) Prahasky states that counsel did not describe his response when Prahasky told him he was going to reject the 10-year offer, and he argues that it is unbelievable that an attorney "would simply accept that [Prahasky was rejecting the offer] without saying anything to his client." (*Id.*, p. 15.)

Prahasky also argues that counsel's version of events was not credible because the 10-year offer was more favorable than the best possible outcome at trial. In particular, he

15

contends that—even if he was convicted only of the two offenses he confessed to—the sentencing scoresheet showed he would receive at least 10 years and 9 months. Prahasky claims it is not logical to think that he would knowingly reject the 10-year offer if he understood he could not later receive a better offer or fare better upon conviction at trial.

To support his narrative of events, Prahasky cites one page of a letter he says he wrote to his wife shortly after being convicted at trial, which he believes demonstrates error in the state court's credibility determination. The page of Prahasky's letter reads:

> [Counsel] said don't worry, the State will sur[e]ly now come down for we are getting close to tr[ia]l. [Counsel] comes to the jail in two weeks to talk to me and said we have to set up our defen[s]e for the tr[ia]l. I said what about the State's offer, <u>he said they always</u> come back with one before or during jury selection, and we will see what the State offers right before tr[ia]l is set. I said are you sure, [counsel] said yes! For the mother does not want the girls to take the stand. Well Janette, <u>no</u> offer was given by the State at the last minute <u>like [counsel] said the[re] would be</u>. <u>I</u> listened to the attorney and how wrong was that! <u>I would have gladly taken the 10 years offered</u> – But I went on the advice of [counsel]!!! What he said to you and what he said to me, sur[e]ly was two different things – I know now (too late), he's not a real good lawyer, he wasn't truthful to me, or you Janette – and I'm sorry for you my Darling! He's not a lawyer who could handle these kind of cases, he didn't challenge hardly anything at all! No physical evidence of the girls that the[re] was penetration, no doctor report, nothing! I [heart symbol] U Pete xoxox[.]

(Doc. 1, p. 23 (emphasis in original).)

Prahasky fails to show entitlement to relief based on challenging the state court's credibility determinations regarding his trial counsel. Prahasky speculates about the reliability of trial counsel's evidentiary hearing testimony and raises a plausible alternative theory for why he rejected the 10-year plea offer.[8] But this type of speculation falls short of rebutting the presumption of correctness by clear and convincing evidence. "Clear and convincing evidence [to rebut the presumption that the state court's factual finding is correct] entails proof that a claim is 'highly probable,' a standard requiring more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *Ward v. Hall*, 592 F.3d 1144, 1177 (11th Cir. 2010) (citing *United States v. Owens*, 854 F.2d 432, 436 n.8 (11th Cir. 1998)). "In the absence of clear and convincing evidence, we have no power on federal habeas review to revisit the state court's credibility determinations." *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1259 (11th Cir. 2013). To be sure, "[f]ederal habeas courts have no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Nejad v. Attorney General, State of Ga.*, 830 F.3d 1280, 1292 (11th Cir. 2016) (quoting *Consalvo*, 664 F.3d at 845).

---

[8] The Court appreciates Prahasky's argument that, by going to trial after confessing to conduct that satisfied at least two of the charges, he almost certainly doomed himself to a sentence greater than 10 years. But the state court's credibility determinations, particularly the reason Prahasky told his counsel for why he did not want to accept the plea offer, are presumed correct unless proved by clear and convincing evidence to be erroneous. And a criminal defendant may elect to proceed to a jury trial with the imprudent hope of jury nullification without necessarily rendering his counsel ineffective.

Furthermore, one page of a self-serving letter written by Prahasky *after* his convictions at trial is insufficient to establish that the state court's credibility determination was incorrect.

Prahasky does not rebut the presumption of correctness by clear and convincing evidence as he must. 28 U.S.C. § 2254(e)(1). Therefore, he does not establish that the state court's ruling was based on an unreasonable factual determination. 28 U.S.C. § 2254(d)(2). Based on the testimony that the state court accepted as credible, Prahasky cannot obtain federal habeas relief. That testimony supports its finding that counsel did not advise Prahasky the State would make an offer on the day of trial. It also shows that counsel told Prahasky counsel believed the 10-year offer "would be less than what [Prahasky] would receive" upon conviction at trial but that Prahasky had no interest in accepting the offer. Furthermore, Prahasky does not contest that he was informed at the November 21, 2011 pre-trial hearing that if he rejected the 10-year offer at that hearing, the offer would no longer be available to him.

Prahasky has not shown that counsel misadvised him not to accept the 10-year plea offer on the basis that counsel would secure a better offer in the future. He fails to demonstrate that the state court unreasonably applied *Strickland* when it found that counsel did not perform deficiently under these circumstances. Accordingly, Prahasky is not entitled to federal habeas relief.

## VI. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Prahasky must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Prahasky has not made the requisite showing. Finally, because Prahasky is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Prahasky's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**. In the alternative, it is **DENIED** with prejudice on the merits. The **CLERK** is directed to enter judgment against Prahasky and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 1, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge